UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAM WRIGHT and BOULDER CITY TOY BOX, <br><br> Plaintiffs <br><br> v. <br><br> MECUM AUCTION INC., <br><br> Defendant | Case No.: 2:17-cv-02217-APG-NJK <br><br> **Order Rejecting Proposed Joint Pretrial Order** <br><br> [ECF No. 57] |

  I have twice ordered the parties to file a proposed joint pretrial order. On May 22, 2020, the plaintiffs filed an individual proposed order, stating that they conferred with the defendant but the defendant would not authorize the filing of a joint proposed order. ECF No. 57 at 1. The defendant has not filed a proposed order or explained its apparent intransigence. The plaintiffs' proposed order violates Local Rule 16-3 in several ways.

  Local Rule 16-3(b)(8) requires parties to list their trial exhibits. No exhibits are listed in the proposed order. Next, the defendant lists three depositions that it intends to offer at trial, but states it "does not know at this time what portions of the depositions will be offered." ECF No. 57 at 5. Local Rule 16-3(b)(10) requires page and line designations; otherwise, it is impossible for the plaintiffs to object as required by Local Rule 16-3(b)(11).

  Further, the parties list what appears to be every witness identified in discovery. While the plaintiffs' list includes seven witnesses, the defendants' list includes ten. Despite these voluminous lists, the parties insist that the trial will last only two to three days. That is nearly impossible. The parties apparently have not bothered to think about the witnesses they actually intend to use at trial.

Both parties' witness lists include several "Fed. R. Civ. P. 30(b)(6) Witness(es)" and "Person Most Knowledgeable" witnesses. The parties should know by now the names of the witnesses they intend to present at trial. If those witnesses were not identified during discovery, they cannot be called at trial. Similarly, both parties attempt to reserve the right to supplement their witness lists "as the need arises." That is not permitted under Local Rule 16-3(b)(12).

Local Rules 16-3 and 16-4 are designed to streamline the trial preparation and presentation, and to foster settlement. The parties cannot simply wait to make trial decisions until the eve of trial. If they do, they cannot conduct effective settlement discussions. It is apparent from the proposed Joint Pretrial Order that the parties (particularly the defendants) ignored the spirit, purpose, and language of Local Rule 16-3. I reject the proposed order. The parties shall submit a new proposed joint order addressing these problems and complying with Local Rules 16-3 and 16-4.

I ORDER that the plaintiffs' proposed pretrial order (**ECF No. 57) is rejected.** The parties shall personally confer as required in Local Rule 16-3, and submit a Joint Pretrial Order that complies with Local Rule 16-4 by June 11, 2020. If any party fails to comply with this order, I will enter sanctions against that party, and potentially its counsel, which may include claim- or case-dispositive sanctions.

DATED this 26th day of May, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE